[No. 36547.   Department One.   October 3, 1963.]

HAZEL M. BENEDICT, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Appellants.**

*The Attorney General* and *Elihu Hurwitz, Assistant,* for appellant Department of Labor and Industries.

*Ingram & Zelasko,* for appellant Aloha Lumber Corporation.

*James J. Solan,* for respondent.

DAWSON, J.†—Ed Benedict, an employee of Aloha Lumber Corporation, on April 11, 1955, suffered

" . . . an occupational vibration disease involving damage to the peripheral nervous and circulating systems and manifesting itself by generalized weakness, particularly marked in the upper extremities, numbness and discoloration of the hands and pain in the arms on exertion."[1]

*Reported in 385 P. (2d) 380.

†Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]This vibration disease was caused by the extended use of a 36-pound power saw, and technically is not Raynaud's disease, or syndrome, although symptomatically is closely related to it.

The foregoing is transposed from finding No. 2 of the Board of Industrial Insurance Appeals adopted August 11, 1958, in its decision and order in docket No. 7970.

Mr. Benedict died September 20, 1958, before the extent of his disability had been determined by the department.

Hazel M. Benedict, his widow and respondent herein, filed a claim for a widow's pension. The supervisor rejected it, April 21, 1959, on the ground that her husband's total disability and death had been due to terminal bronchopneumonia induced by Addison's disease, which was not related to occupational or industrial injury. The Board of Industrial Insurance Appeals sustained this position.

It is conceded that if Mr. Benedict was, in fact, totally and permanently disabled immediately prior to his death by reason of the occupational vibration disease, then his widow is entitled to a pension regardless of the cause of death.

The widow appealed from the board's decision. This appeal was tried to the superior court sitting without a jury. The court reversed the department and remanded the cause with directions that an appropriate order be entered placing the widow on the pension rolls of the Department of Labor and Industries. The employer appealed therefrom and the department joined therein.

■ One issue is raised on appeal. However, before approaching it, we must prepose and dispose of appellants' position that this court try de novo, on appeal in a nonjury case, a disputed issue of fact, a practice which once prevailed by virtue of Laws of 1893, chapter 61, p. 119, but which statute presently neither exists nor is followed. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183.

Since abrogation of the Appeal Act of 1893, the following language becomes pertinent:

"The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason as far as applicable, and a new trial granted." RCW 4.44.060.

Based on this provision, the right to retry issues of fact on appeal is denied by this court. *Bills v. Liberty Mut. Ins. Co.*, 60 Wn. (2d) 898, 373 P. (2d) 128. Appellants concede this, but contend that, because the superior court trial was on a prepared statement of facts, there is an exception to the stated rule. Certainly, no one can seriously quarrel with the truth of the oft-made statement found in Washington cases and elsewhere, that, when a trial court neither sees nor hears the witnesses, an appellate court can evaluate the evidence in a written record as readily as did the trial court. In substance, this is true. It often becomes the duty of the appellate court to do so, as illustrative, the ascertainment of jurisdictional facts, the testing of conclusions and inferences which have been drawn from facts, an exploration for sufficiency of probative evidence to support findings of fact, and an analysis of findings when the evidence is undisputed, uncontradicted and unimpeached. Most of the case law in which the oft-made statement is found, in fact, involved one or the other of the illustrative facets.

However, this is far removed from a retrial of disputed issues of fact, as an appellate procedure. For such a course, we think, disregards fundamental, constitutional, and statutory distinctions between the functions of the trial and appellate courts, and should not be undertaken without clear authority.

RCW 51.52.115 provides, *inter alia*, that, upon an appeal in a workmen's compensation case to the superior court, " . . . The hearing in the superior court shall be de novo, . . ." and that, in such appeals, ". . . either party shall be entitled to a trial by jury upon demand, . . ."

This court, in *Floyd v. Department of Labor & Industries*, 44 Wn. (2d) 560, 269 P. (2d) 563, upheld the constitutionality of RCW 51.52.115 against the charge that the act delegated legislative or administrative power to the judiciary. It was determined that the Board of Industrial Insurance Appeals is an independent board, and, although an administrative agency, its duties are essentially judicial or quasi-judicial in nature, and that the superior court, in conducting

a trial de novo upon the record made before the board, exercises its judicial power.

It is true that, over a period of years, this court did also retry such appeals de novo, and the practice was logically justified in *Mecartea v. Department of Labor & Industries*, 176 Wash. 27, 28 P. (2d) 257, on the basis of the Appeal Act of 1893, which support, as we have seen, has been removed.[2]

Since repeal of the 1893 act, we have had no occasion to determine whether we shall continue to hear appeals arising under the Workmen's Compensation Act de novo. *Nygaard v. Department of Labor & Industries*, 51 Wn. (2d) 659, 321 P. (2d) 257, cited by appellants and decided since the repeal, in which the court remarked that there was no disadvantage as the trial court had not seen and heard the witnesses, did not involve disputed factual questions. Thus, we think the language in its context is too nebulous a reason to support appellants' position.

Those aggrieved by the supervisor's action have recourse to hearings on the merits before both the Board of Industrial Insurance Appeals and the superior court. If there is sound reason for still another retrial of issues of fact, the Workmen's Compensation Act should so provide. It is presently stated: " . . . Appeal shall lie from the judgment of the superior court as in other civil cases. . . . " RCW 51.52.140. Other civil cases are controlled by RCW 4.44.060, *supra*. The two statutes do not combine to support an exception to the general rule. We therefore pronounce, for the reasons stated, that, in appeals such as this, controverted issues of fact shall not be retried in this court.

The sole issue presented to this court is a disputed question of fact, namely, was Mr. Benedict totally and permanently disabled immediately prior to his death by reason of his occupational vibration disease?

The answer is to be found in the field of expert testimony. We learn from the record that the presence of vibration disease is difficult, if not impossible, to determine after

[2]It was first abrogated by Rule on Appeal 65, 34A Wn. (2d) 27, (Supp. No. 7), effective January 3, 1956, and was thereafter expressly repealed by the legislature. Laws of 1957, chapter 7, § 10(27), p. 26.

death; that Addison's disease is difficult to diagnose during the lifetime. A number of symptoms are common to both diseases. Both are uncommon, if not rare, diseases.

According to the medical opinion of his attending physician, Mr. Benedict became totally and permanently disabled on May 12, 1955. He was unable to be gainfully employed for the approximate 2½ years thereafter remaining before his death, at the age of 51 years.

In other areas, the experts were in disagreement. Four doctors testified as to the proximate cause of Mr. Benedict's disability. One was the attending physician, another never saw the workman alive, but had performed an autopsy. The two remaining expert witnesses stated opinions based entirely upon hypothetical questions. The history, symtomatology, and progression of the disease support the reasonable conclusion that either the vibration disease or Addison's disease, with its consequences, was the sole and only cause of Mr. Benedict's disability, depending upon the weight to be attached to the expert testimony.

The experts were qualified, reputable men in their professional fields, and there is substantial disagreement in their testimony. Thus, the weight, credibility, and the ultimate determination were for the trier of facts. In our appellate capacity, we have no right to substitute our judgment for that of the trial court. It suffices to say, as a matter of law, that competent testimony in the record is sufficient to support and justify the findings made.

Accordingly, the judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.