[No. 36775. Department Two. September 24, 1964.]

ALICE FOLSOM, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.*

*Stubbs, Batali, Combs & Small,* for appellant.

*The Attorney General, Elihu Hurwitz* and *Fredrick B. Hayes, Assistants,* for respondent.

*Eisenhower & Carlson* and *James F. Henriot,* for respondent St. Regis Paper Company.

PER CURIAM.—This is an industrial insurance appeal. Appellant Alice Folsom, a married woman, was for several

*Reported in 395 P. (2d) 488.

years an employee of the St. Regis Paper Company. In June 1957, at the age of approximately 55 years, she received an injury to her lower back while she was working in the bag division of the company, pulling bags off of an extremely low belt. She was allowed compensation for this injury under the Industrial Insurance Act. The claim was closed by the Department of Labor and Industries in December 1957, with no permanent partial disability. On May 19, 1959, the appellant was working at her usual job as a sewing machine operator. In this work she alternated every half hour from a position of sitting on a work stool to a standing position at the sewing machine. While sitting at the machine, the right cuff of her jeans caught in a chain sprocket. She was pulled almost off of the work stool on which she was sitting and over to one side, in a cramped and twisted position. Her right knee was bruised and lacerated by the chain sprocket. With her left leg in the air and her body in a twisted position she was left partly hanging in mid-air, supporting herself partly by the tipped stool. A maintenance mechanic was located. He took the chain apart and released the appellant, after she had remained in the indicated position for about 5 minutes. There was testimony that the knee condition bothered the appellant the most, but that she had a severe ache in the lower back during the evening at home after the accident. She returned to work on the day following the accident and performed lighter work. The appellant's doctor was not in his office on May 20. She went to see him on the next day, May 21, spoke to him about her knee and a tetanus shot. Appellant did not recall telling the doctor about the dull ache in her low back. On the morning of May 22, while pulling an anklet on her right foot during the process of dressing, appellant suffered a severe, intense pain in her back, and went down in a heap on the floor at the foot of her bed. She was unable to stand; she crept on her hands and knees alongside her bed until she was able to use her arms to get herself into bed. Her husband telephoned appellant's doctor, and she was placed in traction in the hospital for 18 days. She was re-hospitalized for the back

condition for 9 days in May 1960, and has been under constant care of the doctor for the low back condition and unable to return to work since May 21, 1959. Appellant reported the accident on June 1, 1959, asserting a claim in relation to the injury of her right knee. A second report of the accident, subsequently, was submitted on July 27, 1959, and claim was made at that time respecting the alleged injury to appellant's back in relation to the accident of May 19, 1959.

The Supervisor of the Department of Industrial Insurance allowed appellant's claim for the knee injury on August 7, 1959, but denied responsibility for the back injury on the ground that it was unrelated to the accident of May 19, 1959. Subsequently, the Board of Industrial Insurance Appeals also denied the claim for the back injury, and sustained the action of the supervisor in an order issued on October 10, 1961.

Thereafter, the claimant appealed to the Superior Court for Pierce County. The basic issue involving the validity of appellant's claim respecting the alleged injury to her back was submitted to the jury in an interrogatory reading as follows:

"Was the Board of Industrial Insurance Appeals correct in finding that the plaintiff's low back condition did not proximately result from the claimant's accident at work on May 19, 1959?"

The jury answered "yes" to the foregoing interrogatory, affirming previous decisions as to appellant's claim by both the supervisor and the board. Judgment was entered in the superior court (sustaining the action of the board and the supervisor), denying appellant's claim for the alleged back injury. This appeal followed.

Appellant assigns error to four of the instructions given to the jury by the trial judge. Error is assigned to the action of the trial judge in refusing to give an instruction proposed by appellant. Lastly, error is assigned to the entry of judgment against appellant and to denial of a motion by the trial court for judgment n.o.v., or, in the alternative, for a new trial. We have examined appellant's assignments of

error. We are not convinced that any of these is well taken.

■ This appeal is essentially factual in nature. Although not emphasized, and actually hardly adverted to by appellant, the appeal amounts to an invitation to this court to review not only the factual determinations of the superior court jury, but also those previously made, administratively, by both the Supervisor of the Department of Industrial Insurance and the independent Board of Industrial Insurance Appeals. On this aspect of the case we are not inclined to substitute our judgment for that of the jury, or for the administrative expertise and judgment of the supervisor and the board. As indicated hereinbefore, we find no error in the instructions. Taken as a whole, we think they fairly presented the facts and the issue of proximate causation to the jury in the trial in the superior court. The decision of the jury as to proximate cause will not be disturbed on appeal. *Benedict v. Department of Labor & Industries* (1963), 63 Wn. (2d) 12, 385 P. (2d) 380.

The judgment of the trial court should be affirmed. It is so ordered.