[No. 5608–9–II.   Division Two.   June 27, 1983.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,*
v. GEORGE E. MOSER, *Appellant.*

*Anton J. Miller,* for appellant.

*Kenneth O. Eikenberry, Attorney General, Edwin J. McCullough, Senior Assistant,* and *Carol Newell Pidduck, Assistant,* for respondent.

PETRICH, C.J.—George Moser fell into a shingle saw in 1955 and suffered severe cuts to the upper part of his left arm. In 1957 the Department of Labor and Industries (Department) determined he was permanently and totally disabled as a result of that injury and placed him on the pension rolls. Between 1969 and 1972, Moser nevertheless worked as a sawyer and millwright and earned wages without telling the Department—in fact, while certifying to the Department that he was both unable to work and not working. In 1972, Mr. Moser sustained another injury to his left arm and shoulder while working for a shingle mill under an alias. He applied for disability benefits but later withdrew his request. The Department investigated the matter and, in September of 1975, removed him from the pension rolls retroactively to 1969, demanded a refund of the pension paid from 1969 to 1975, and ruled that his present inability to work was because of the injury in 1972.

Mr. Moser appealed that order to the Board of Industrial Insurance Appeals (Board), whose hearing examiner recommended reversal. The Board did reverse the Department's order, ruling, *inter alia,* that the Department could not reclassify Moser's disability solely because of his return to gainful employment, without reliance upon any medical testimony showing that his physical condition had

improved by 1969. The Department appealed to superior court, contending that the Board's decision was erroneous as a matter of law. The court reversed the Board and reinstated the Department's order. Moser then brought this appeal. We reverse.

The dispositive issue is whether a total disability pensioner's return to gainful employment is, by itself, sufficient as a matter of law to enable the Department to reduce the pensioner's permanent total disability rating. We hold that it is not, and that medical evidence must be adduced to show improvement in the injury that resulted in the original classification. Preliminarily, however, we address some procedural issues.

First, Moser argues that because the original injury occurred in 1955, when the law was that the Department had no right to seek review of a Board decision, the Superior Court was required to dismiss the Department's appeal. However, we note that in 1957 the Legislature amended RCW 51.52.110 to provide:

> whenever the board has made any decision and order reversing an order of the supervisor of industrial insurance on questions of law or mandatory administrative actions of the director, the department of labor and industries shall have the right of appeal to the superior court.

Laws of 1957, ch. 70, § 61.

As a general rule, the rights of parties under the workers' compensation statutes are governed by the law in force when the injury occurred. *Bodine v. Department of Labor & Indus.*, 29 Wn.2d 879, 190 P.2d 89 (1948). Newly enacted statutes or newly adopted rules ordinarily operate prospectively. However, when a statute or rule not explicitly made retroactive is remedial in nature, it can operate retroactively. *Yellam v. Woerner*, 77 Wn.2d 604, 464 P.2d 947 (1970). An act is remedial when it relates to practice, procedure, or remedies and does not affect a substantive or vested right. *Yellam v. Woerner, supra*; *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014

(1941).

The right of appeal conferred upon the Department by the statutory amendment applies to any Board decision on "questions of law or mandatory administrative actions of the director". It does not affect Moser's substantive right to a pension, but only the Department's procedural right to seek a remedy for what it perceives as an erroneous Board decision. The Board reversed the Department's diminution of Moser's disability status. Giving the Department a right to appeal that decision does not per se impair a worker's rights or status; rather, it provides the means for seeking a remedy from a higher forum. Because the right of appeal is remedial in nature, we hold that it is available in cases where the worker's injury predates the legislative enactment.

Moser also argues, preliminarily, that the Superior Court should have dismissed the Department's appeal because the Department took no timely appeal to the Board from the hearing examiner's proposed decision. The pertinent facts begin with the examiner's decision dated May 24, 1979, and mailed May 30, 1979. Although the decision was mainly favorable to Moser, he petitioned for review because, he says, he disagreed with some of the examiner's findings and conclusions and wanted to preserve his right to challenge them in the event the Department were to file a petition for review within the time period allowed by RCW 51.52.104. The Department obtained two brief extensions of time and then did petition for review on July 6. Moser's attorney on July 9 orally, and on July 10 in writing, asked the Board to dismiss his own petition. However, the Board on July 10 issued an order accepting both petitions for review.

The Board, at the Department's request made within the 20-day period, did extend the time for filing the Department's petition. Within the time of the extension but beyond the 20 days from the proposed order, the Department requested and received from the Board an additional extension. The petition was filed within the time of the second extension. Claimant contends that since the second

request for extension was made beyond the 20–day time limit, the Department's petition was not timely; the proposed order became the order of the Board; and judicial review is precluded by RCW 51.52.104.

■ We hold that the Board acquired jurisdiction. RCW 51.52.104, as amended in 1971, permitted review of the examiner's proposed decision when a petition for review is filed within 20 days of communication of the decision "or such further period as the board may allow on written application" filed within the 20–day period.[1] Laws of 1971, 1st Ex. Sess., ch. 289, § 22. This court has held that the 20–day rule is not jurisdictional, and that noncompliance does not preclude the Board from fulfilling its statutory duty to interpret testimony and make the final decision in all appealed cases. *Department of Labor & Indus. v. Tacoma Yellow Cab Co.*, 31 Wn. App. 117, 639 P.2d 843 (1982) (citing RCW 51.52.020); *accord, Martinez v. Department of Labor & Indus.*, 31 Wn. App. 221, 640 P.2d 732 (1982). Therefore, the fact that the request for the second extension was not made within 20 days of the examiner's proposed decision did not deprive the Board of jurisdiction under the statute as then written.

■ We next consider what is the correct standard of review in this context. In any court proceeding, the findings and decision of the Board are prima facie correct until found incorrect by the superior court, by a fair preponderance of the evidence. *Lloyd's Floor Ctr. v. Department of Labor & Indus.*, 33 Wn. App. 745, 662 P.2d 391 (1982). Court of Appeals review is governed by RCW 51.52.140, which provides that "the practice in civil cases shall apply to appeals prescribed in this chapter. Appeal shall lie from the judgment of the superior court as in other civil cases." Our role is to determine whether the trial court's findings of fact, to which error is assigned, are supported by substantial evidence, and whether its conclusions of law flow

---

[1] RCW 51.52.104 was further amended in 1982 in such a way as to have no bearing on this appeal. Laws of 1982, ch. 109, § 5.

therefrom. *Lloyd's Floor Ctr.*

With these principles in mind, we perceive that the trial court's findings and conclusions raise two legal issues: (1) Do RCW 51.08.160 and 51.32.160 permit the Department to terminate Moser's total permanent disability benefits based solely on the fact that he is gainfully employed? (2) Did the Board, in contradicting the Department's legal basis for requiring the claimant to submit semiannual declarations of entitlement to benefits, misconstrue the legal effect of those declarations, which the Department characterizes as fraud?

Although it seems that Mr. Moser is less than honorable—besides his deliberate and false statements to the State concerning his employment status while working under various aliases and accepting a pension, he was convicted for defrauding the Department of Employment Security out of unemployment benefits—we cannot approve of the Department's termination of benefits without medical testimony showing a basis for diminution.

RCW 51.32.160 authorizes the Department to readjust the rate of compensation for a worker whenever "aggravation, diminution, or termination of disability takes place". A permanent total disability, such as Mr. Moser was rated, means the loss of both legs or arms, or one leg and one arm, blindness, paralysis, "or other condition permanently incapacitating the worker from performing any work at any gainful occupation." RCW 51.08.160. Thus, a worker can have a serious disability and still not be totally and permanently disabled. However, this definition does not intend that the worker be absolutely helpless; a worker is totally and permanently disabled if he is fitted merely to do odd jobs in special work not generally obtainable. *Kuhnle v. Department of Labor & Indus.*, 12 Wn.2d 191, 120 P.2d 1003 (1942); *Nash v. Department of Labor & Indus.*, 1 Wn. App. 705, 462 P.2d 988 (1969). Here, the Department discovered that not only was Moser employable, he was working competently at the same work he had performed at the time of injury. As a matter of fact, in the Department's

view, he was no longer totally and permanently disabled.[2]

Whether Moser's rating can be reduced solely because of the kind of work he was doing is a question of first impression in this state. Logic suggests that diminution should be treated the same as aggravation: to recover for aggravation—to increase a worker's benefits because of a deterioration in his injured condition—requires medical testimony showing that an aggravation of the compensable injury resulted in increased disability. *Lewis v. ITT Continental Baking Co.*, 93 Wn.2d 1, 603 P.2d 1262 (1979); *Phillips v. Department of Labor & Indus.*, 49 Wn.2d 195, 298 P.2d 1117 (1956). A claimant for aggravation must establish the probability of a causal connection between the injury and the subsequent physical condition by the testimony of medical experts. *Venezelos v. Department of Labor & Indus.*, 67 Wn.2d 71, 74, 406 P.2d 603 (1965); *see Shea v. Department of Labor & Indus.*, 12 Wn. App. 410, 529 P.2d 1131 (1974).

Similarly, for the Department to show an improvement in the worker's physical condition that resulted from the injury should require it to introduce medical testimony to the effect that a diminution of the injury resulted in decreased disability. *Cf. Lewis v. ITT Continental Baking Co., supra; accord, Motor Wheel Corp. v. Industrial Comm'n*, 75 Ill. 2d 230, 388 N.E.2d 380 (1979); *Haney v. Lane Constr. Corp.*, 422 A.2d 1292 (Me. 1980). This is not to say that the Department may not rely in part on lay testimony in proving diminution, but only that sufficient medical testimony must also be used. *Haney v. Lane Constr. Corp., supra; see Fochtman v. Department of*

---

[2]The trial court made no finding that Moser's disabled physical condition resulting from the injury had improved so as to decrease the disability. Its conclusion that Moser was not entitled to benefits was based on the finding that he had resumed gainful employment.

*Labor & Indus.,* 7 Wn. App. 286, 499 P.2d 255 (1972). As a matter of law, the pensioner's mere resumption of gainful employment does not constitute diminution for purposes of RCW 51.32.160.

The result we reach may well appear anomalous. Nevertheless, we are limited by the statutory scheme as interpreted by the Supreme Court and the logical extension of these interpretations. The comment of the Board in its ruling reinstating the pension is worth noting when it said:

> All told, it seems clear to us that the Department's action in removing the claimant from the pension rolls was not based upon any finding nor determination that his industrial condition had changed, but rather was based entirely upon his return to gainful employment. While the Department's reclassification may seem to be just and equitable in that it harmonizes the claimant's disability classification with the facts, the ground upon which it is based remains bereft of legal support. Admittedly, under the circumstances presented by this case, the requirement that a disability reclassification be based upon a change of condition may appear to be somewhat of a legal sword. It is, however, a sword which cuts both ways. For example, in a case for aggravation the evidence may show, without dispute, that the claimant is permanently and totally disabled. Yet, unless such evidence further shows that the industrial condition giving rise to the claimant's disability has changed for the worse since the first terminal date, there can be no pension.
>
> In short, under our Workers' Compensation Act a claimant may be permanently and totally disabled in fact, but not in law, and vice versa. Albeit it may be argued with strong reason that one who returns to the same type of work he was doing at the time of his disabling injury, as is the case herein, should, *ipso facto,* be disqualified from further pension payments, the remedial forum is not this Board, but the Legislature.

The judgment of the Superior Court is reversed and the decision and order of the Board dated December 11, 1979 is

affirmed.

PETRIE and WORSWICK, JJ., concur.

Reconsideration denied July 25, 1983.