[No. 21801-8-I.   Division One.   August 28, 1989.]

DETROIA WEATHERSPOON, *Respondent,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Defendant,* SEATTLE
SCHOOL DISTRICT No. 1, *Appellant.*

*Paul Clay, William Beaver, and Karr Tuttle Koch Campbell Mawer Morrow & Sax; Philip A. Talmadge* and *Talmadge & Friedman,* for appellant.

*Thomas A. Thompson,* for respondent.

GROSSE, A.C.J.—The Seattle School District No. 1 (District) appeals the granting of a judgment in favor of Detroia Weatherspoon (Weatherspoon) awarding benefits for aggravation of an industrial injury. The trial court overturned the determination of the Board of Industrial Insurance Appeals (Board) and found that Weatherspoon's injury or condition was aggravated and that she was permanently disabled. The trial court also awarded attorney's fees and costs to Weatherspoon.

In 1974, in the course of her employment as a custodian with the District, Weatherspoon fell and injured her right knee while using a floor scrubbing machine. Her claim for compensation was accepted and closed on May 30, 1978, by the Department of Labor and Industries (Department) pursuant to a King County Superior Court judgment awarding Weatherspoon a permanent partial disability equal to 15 percent of the amputation value of the right leg at or above the knee joint. In August 1982, Weatherspoon applied to reopen the claim. Eventually an additional application to reopen the claim was sent. This application was denied by the Department and is the subject of this appeal.

Initially, the parties disagree on the proper standard of review in this case. Generally, it is presumed that the findings and decision of the Board based on the facts presented to it are correct until a trier of fact finds from a fair preponderance of credible evidence that such findings and decision of the Board are incorrect. *Lloyd's of Yakima Floor Ctr. v. Department of Labor & Indus.,* 33 Wn. App. 745, 662 P.2d 391 (1982). "In an appeal of the Board's decision to the superior court the hearing is de novo, but without any evidence or testimony other than that included

in the record filed by the Board." *Du Pont v. Department of Labor & Indus.,* 46 Wn. App. 471, 476, 730 P.2d 1345 (1986), citing RCW 51.52.115 and *Bayliner Marine Corp. v. Perrigoue,* 40 Wn. App. 110, 113, 697 P.2d 277 (1985); *accord, Department of Labor & Indus. v. Moser,* 35 Wn. App. 204, 208, 665 P.2d 926 (1983).

■ Judicial review in the Court of Appeals is governed by RCW 51.52.140 which provides that an "'[a]ppeal shall lie from the judgment of the superior court *as in other civil cases.*'" (Italics ours.) *Du Pont,* 46 Wn. App. at 476 (quoting *Moser,* 35 Wn. App. at 208). Therefore, it follows that this court "must determine whether the trial court's findings, to which error is assigned, are supported by substantial evidence and whether the conclusions of law flow therefrom." *Massachusetts' Mut. Life Ins. Co. v. Department of Labor & Indus.,* 51 Wn. App. 159, 162, 752 P.2d 381 (1988).

The District argues that in cases where a trial court reviews an administrative action and the findings of the trial court are based solely on the transcript of the administrative hearing and other exhibits, the appellate court is not bound by the trial court findings, and is as competent as the superior court to weigh and consider the evidence. The District relies on the case of *Danielson v. Seattle,* 45 Wn. App. 235, 240, 724 P.2d 1115 (1986), *aff'd,* 108 Wn.2d 788, 742 P.2d 717 (1987), and seeks to distinguish the *Massachusetts Mut. Life* case by the fact that there, the testimony of the witnesses before the administrative law judge was read into the record of the trial court, while here it was not. We cannot distinguish *Massachusetts Mut. Life* on this basis. The *Danielson* case was not an appeal under the industrial appeals act. Further it relies on holdings from other cases which either were not industrial insurance appeals or were decided before *Benedict v. Department of Labor & Indus.,* 63 Wn.2d 12, 385 P.2d 380 (1963).[1] We

[1]The rule at the time the *Benedict* case was decided was that appellate review of industrial insurance decisions was de novo. *Benedict* rejected this rule and

must follow the rule as set forth in *Benedict* and in *Massachusetts Mut. Life.* In an appeal from a decision of the Board of Industrial Insurance Appeals, we will review the record to ascertain whether there is substantial evidence to support the challenged findings of the trial court.

The decision of the trial court is affirmed except as to the award of attorney's fees, which is remanded to the trial court for redetermination on the record and for entry of appropriate findings of fact.

The remaining issues on appeal do not merit publication. The remainder of this opinion, having no precedential value, will be filed for public record in accordance with the rules governing unpublished opinions.

SWANSON and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1030 (1989).

---

established the generally accepted rule which adheres to the language of the statute (RCW 51.52.140) that in appeals arising under the Industrial Insurance Act the appellate court's review is as with other civil cases, *i.e.*, one to determine if there is substantial evidence to support the findings of the trial court.