977 P.2d 570 (1999)
138 Wash.2d 1
Everett L. RUSE, Petitioner,
v.
The DEPARTMENT OF LABOR & INDUSTRIES, Respondent.
No. 65679-7.
Supreme Court of Washington, En Banc.
Argued February 10, 1999.
Decided June 3, 1999.
*571 Craig A. Staples, Vancouver, amicus curiae on behalf of Washington Self Insurers Ass'n.
Debra Stephens, Bryan Harnetiaux, Spokane, amicus curiae on behalf of Washington State Trial Lawyers Ass'n.
Jeffry K. Finer, Spokaane, for Petitioner.
Sheryl L. Gordon, Asst. Atty. Gen., Spokane, for Respondent.
IRELAND, J.
Everett Ruse quit his job because of severe back pain, and the Department of Labor and Industries denied his subsequent workers' compensation claim. We affirm based upon Ruse's failure to prove the causal connection between his disability and his employment.

FACTS
For a full discussion of the facts, see Ruse v. Department of Labor & Indus., 90 Wash. App. 448, 966 P.2d 909 (1998). Our recitation here is brief. Everett Ruse worked in heavy labor positions for most of his life and was forced to quit his job on August 17, 1989, because of severe back pain. Ruse filed a claim for workers' compensation benefits in November 1990.
The Department of Labor and Industries (the Department) denied Ruse's claim for benefits, finding Ruse's back condition was not an occupational disease as contemplated by RCW 51.08.140. In April 1995, the Board of Industrial Insurance Appeals (the Board) denied Ruse's appeal. The Board found Ruse's degenerative arthritis was "associated with natural progression of unrelated pre-existing conditions or disease processes." Proposed Decision and Order (PDO) at 8.[1] *572 The Spokane County Superior Court affirmed the Board's decision, finding, in part, "Mr. Ruse suffered from a degenerative arthritis which would have appeared and progressed despite his employment." Clerks Papers (CP) at 5-6.
Ruse appealed to the Court of Appeals, which affirmed the superior court. Ruse, 90 Wash.App. 448, 966 P.2d 909. We granted Ruse's Petition for Discretionary Review. Ruse v. Department of Labor & Indus., 136 Wash.2d 1007, 966 P.2d 903 (1998).
A brief recitation of the medical testimony offered to the Board is necessary for our analysis. Dr. Gilman, an osteopathic family physician, provided Ruse's primary health care from July 1981 through 1989. According to Dr. Gilman's notes, Ruse reported having a long history of back problems preceding 1981, and Ruse's back pains continued during the eight years he saw Dr. Gilman. Dr. Gilman x-rayed Ruse's lower back in 1986 and saw no problems in the x-rays. He diagnosed Ruse's back pains as "musculoskeletal effects of his age." Dep. of David C. Gilman, D.O. at 8.
On January 23, 1990, Ruse saw Dr. Shanks, an orthopedic specialist. Dr. Shanks viewed current x-rays and ordered an MRI (Magnetic Resonance Imaging). Based upon this one examination, Dr. Shanks diagnosed Ruse with moderate arthritis in the form of degenerative disc disease in his lumbar spine. Dr. Shanks sent an opinion letter to the Department, in which he stated that Ruse had a long history of back problems, he did not see Ruse's arthritis as an industrial or occupational disease, and Ruse's "arthritis probably would have occurred despite his employment, although, he did do fairly heavy work." Bd. of Indus. Appeals, Ex. 2 (Letter from Dr. Shanks) at 2 (emphasis added). Dr. Shanks later testified in a deposition that Ruse's condition was aggravated by his "long term heavy labor work" on a "more probable than not" basis. Dep. of William Shanks, M.D. at 21. On cross-examination, Dr. Shanks stated the 1993 opinion letter accurately reflected his current opinion.

STANDARD OF REVIEW
The Board's decision is prima facie correct under RCW 51.52.115, and a party attacking the decision must support its challenge by a preponderance of the evidence. Ravsten v. Department of Labor & Indus., 108 Wash.2d 143, 146, 736 P.2d 265 (1987). On review, the superior court may substitute its own findings and decision for the Board's only if it finds "`from a fair preponderance of credible evidence', that the Board's findings and decision are incorrect." McClelland v. ITT Rayonier, Inc., 65 Wash.App. 386, 390, 828 P.2d 1138 (1992) (quoting Weatherspoon v. Department of Labor & Indus., 55 Wash. App. 439, 440, 777 P.2d 1084 (1989)). In this appeal, "review is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings." Young v. Department of Labor & Indus., 81 Wash.App. 123, 128, 913 P.2d 402 (1996) (citations omitted).

ANALYSIS
First Issue: Did the Court of Appeals properly apply the attending physician doctrine?
An attending physician who has cared for and treated a patient over a period of time "is better qualified to give an opinion as to the patient's disability than a doctor who has seen and examined the patient once." Spalding v. Department of Labor & Indus., 29 Wash.2d 115, 128-29, 186 P.2d 76 (1947). Ruse argues, without citation to authority, that a doctor who has not diagnosed the claimed occupational disease cannot be considered an attending physician. Because Dr. Gilman did not diagnose Ruse's degenerative spinal arthritis, Ruse argues he is not an attending physician whose testimony should be given special consideration.
Dr. Gilman was Ruse's primary physician for eight years, and he treated Ruse for back problems throughout those eight years  years during which Ruse worked in heavy labor. In contrast, Dr. Shanks examined Ruse only once, in January 1990, which was over five months after Ruse quit his job. *573 From this single examination, Dr. Shanks diagnosed degenerative arthritis. We find the Board and the superior court were entitled under the evidence and the rule to consider Dr. Gilman as the attending physician. The Court of Appeals is affirmed on this issue.
Second Issue: Did Ruse establish heavy labor aggravated his preexisting back condition to result in a disability?
While the Industrial Insurance Act should be liberally construed in favor of injured workers, Dennis v. Department of Labor & Indus., 109 Wash.2d 467, 470, 745 P.2d 1295 (1987), a worker claiming entitlement to disability benefits for an occupational disease carries the burden of proving the disabling condition arose naturally and proximately out of employment. Dennis, 109 Wash.2d at 481, 745 P.2d 1295; Dillon v. Seattle Police Pension Bd., 82 Wash.App. 168, 171, 916 P.2d 956 (1996). A worker is entitled to benefits if the employment either causes a disabling disease, or aggravates a preexisting disease so as to result in a new disability. Dennis, 109 Wash.2d at 474, 745 P.2d 1295 ("[C]ompensation may be due where disability results from work-related aggravation of a preexisting non-work-related disease."). In an aggravation case, the employment does not cause the disease, but it causes the disability because the employment conditions accelerate the preexisting disease to result in the disability. In this sense, it is proper to speak of the disability being caused by the employment in an aggravation case.
Dennis extensively discusses the elements of a disability claim premised on aggravation of a preexisting disease. The worker must prove a condition of the job "more probably than not" caused the disability, Dennis, 109 Wash.2d at 477, 745 P.2d 1295, and the disability "came about as a matter of course as a natural consequence or incident of distinctive conditions of his or her particular employment." Dennis, 109 Wash.2d at 481, 745 P.2d 1295. The "more probably than not" causation standard requires a showing that, but for the aggravating condition of the job, the claimed disability would not have arisen. Dennis, 109 Wash.2d at 477, 745 P.2d 1295. See also Dillon, 82 Wash.App. at 172, 916 P.2d 956.
Ruse's disability claim was denied because he failed to establish his claimed disability would not have arisen but for the aggravating conditions of his work. Both the Board and the trial court found Ruse's claimed disability arose naturally, and occurred despite his employment. The Board ruled, "As of April 22, 1994, claimant's conditions diagnosed as moderate degenerative arthritis and degenerative disc disease in the lumbar spine, worse at L3-4 level, were associated with natural progression of unrelated pre-existing conditions or disease processes." PDO at 8 (emphasis added). The trial judge ruled, "At all times relevant to this appeal, Mr. Ruse suffered from a degenerative arthritis which would have appeared and progressed despite his employment." CP at 5-6 (emphasis added). These findings are supported by substantial evidence in the record, and the denial of Ruse's claim flows from the findings. We affirm the denial of benefits.
As a final matter, Ruse challenges one paragraph in the Court of Appeals decision, in which the court held that Ruse failed to identify specific distinctive conditions of his employment. The decision states: "Hard work and heavy labor are conditions found in numerous types of employment and of life in general. These conditions do not satisfy the statutory mandate that `distinctive' conditions of employment proximately caused Mr. Ruse's disability." Ruse, 90 Wash.App. at 454, 966 P.2d 909. Ruse and amici curiae claim this analysis improperly suggests hard work or heavy labor could never constitute a distinctive condition. We agree such a suggestion may be improper, but we decline to address the distinctive conditions issue because it was not properly before the Court of Appeals.
An appellate court should not address an issue upon which the Department did not rely in denying the claim. Cf. Hanquet v. Department of Labor & Indus., 75 Wash.App. 657, 662-64, 879 P.2d 326 (1994) (the Board may not consider an issue not passed upon by the Department, and the superior court likewise cannot consider a *574 question not properly before the Board). Here, neither the Board nor the superior court entered any findings of fact or conclusions of law regarding the distinctive conditions issue. By analogy to Hanquet, the Court of Appeals should have declined to address an issue which was not reached below. Furthermore, it was entirely unnecessary for the Court of Appeals to reach the issue because it found  as did the superior court  that Ruse failed to prove the causal connection between his disability and his employment.

CONCLUSION
Given the Court of Appeals' correct holding on the aggravation issue, it had no need to address the State's newly raised distinctive conditions issue, and its discussion thereon should be disregarded as dicta. In all other aspects, the Court of Appeals is affirmed.
GUY, C.J., and DURHAM, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] The Board adopted the Proposed Decision and Order as its own ruling.