# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RAYMOND F. MERCIER JR, <br><br> Appellant, <br><br> v. <br><br> DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, <br><br> Respondent. | No. 59483-8-II <br><br><br> ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |

The unpublished opinion in this matter was filed on November 12, 2025. Respondent, Department of Labor and Industries, filed a motion to publish on November 25, 2025. Appellant, Raymond Mercier Jr., filed an answer to the motion to publish on December 11, 2025. After consideration, the court grants the motion. It is hereby

**ORDERED** that the final paragraph of the opinion, which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that this opinion will now be published.

**PANEL:** Jj. Maxa, Cruser, Veljacic

**FOR THE COURT:**

_____
CRUSER, C.J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RAYMOND F. MERCIER JR, | No. 59483-8-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, C.J.—Raymond Mercier appeals the superior court's order affirming two Department of Labor and Industries (L&I) orders concerning his workers compensation claim and the superior court's order denying his subsequent motion for reconsideration.[1]

The first L&I order that Mercier challenged was an order denying Mercier's protest to an order that closed his claim in October 2000 because the protest, which was filed more than 20 years after the closing order was issued, was not timely. Mercier urged the Board of Industrial Insurance Appeals (BIIA) and superior court to reverse L&I's order on the grounds that his protest

---

[1] In Mercier's notice of appeal, he only designates the order denying his motion for reconsideration. However, under RAP 2.4(b), we "will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." Furthermore, the appellate court will disregard defects in the form of the notice of appeal if the notice clearly reflects an intent by a party to seek review. RAP 5.3(f). Here, Mercier clearly intends to seek review of the order affirming L&I's orders.

was timely because he never received the closing order and therefore the time period to protest the order had not yet begun. The superior court affirmed L&I's order based on its finding that Mercier had received the closing order. As to this order, Mercier argues on appeal to this court that the superior court abused its discretion by (1) incorrectly concluding that the BIIA's findings of fact were presumptively correct, (2) finding that he received the closing order even though L&I had not established a presumption of mailing by office custom under *Farrow v. Department of Labor & Industries*,[2] (3) considering L&I's witnesses' testimony because it was irrelevant, incomplete, and untrue, and (4) relying, in part, on Mercier's attorney's conduct for its determination that Mercier's testimony that he did not receive the closing order was not credible.

The second L&I order that Mercier challenged affirmed L&I's order correcting and superseding a February 2001 wage order. On appeal to the BIIA, Mercier asked the BIIA to determine whether L&I correctly calculated time-loss compensation benefits for the time period from February 3 to February 16, 2001, and to determine whether L&I correctly calculated the social security offset within the meaning of RCW 51.32.220. The industrial appeals judge for the BIIA issued a proposed decision affirming L&I's assessment of Mercier's wage rate, finding that Mercier failed to show that L&I's calculation of his social security offset was incorrect. The BIIA and superior court affirmed. Mercier argues on appeal to this court that neither the BIIA nor superior court had subject matter jurisdiction to assess the substance of the 2020 wage order because L&I had not yet responded to Mercier's challenge to the February 2001 wage rate order.

We conclude, as to the first order, that the trial court did not abuse its discretion because (1) the BIIA's findings of fact are presumptively correct, (2) even though L&I did not establish a

---

[2] 179 Wash. 453, 38 P.2d 240 (1934).

presumption of mailing under *Farrow*, Mercier did not establish that he did not receive the closing order by a preponderance of the evidence, (3) L&I's witnesses' testimony was relevant and we do not reweigh credibility on appeal, and (4) Mercier has provided no argument or authority to support his contention that the trial court violated the attorney-client privilege by relying, in part, on Mercier's attorney's conduct for its determination that Mercier's testimony that he did not receive the closing order was not credible, and even if the trial court erred, such error was harmless. We conclude that substantial evidence supported its finding that Mercier received the closing order. As to the second order, we hold that the superior court and the BIIA had subject matter jurisdiction over the wage rate order. Accordingly, we affirm.

FACTS

I. BACKGROUND

In August 2000, Raymond Mercier injured his back and ankle while working as a bakery manager. Mercier slipped and a rolling rack full of baking trays fell on him. Mercier filed an incident report with L&I and began receiving worker's compensation benefits. In October 2000, L&I sent Mercier a notice closing his claim and setting the wage rate for the period the claim was open. The notice was mailed to Mercier's address, with the ZIP code "98375." Clerk's Papers (CP) 293. The correct ZIP code for Mercier's address is "98335." *Id.* at 252. Mercier did not protest or appeal the October 20, 2000 closing order within the required 60 days. Instead, Mercier timely filed to reopen his claim on January 12, 2001, after a medical provider informed him that his treatment would not be covered unless his claim was reopened. L&I reopened Mercier's claim, and he continued to receive benefits.

On February 20, 2001, L&I issued an order setting Mercier's wage rate for the period of February 3 to February 16, 2001. In March 2001, Mercier engaged counsel who protested all L&I orders issued within the previous 60 days, including the February 20, 2001 wage rate order. L&I did not respond to this protest. Nineteen years later, when Mercier became eligible to receive Social Security benefits in September 2020, Mercier protested the February 20, 2001 wage rate order again, arguing that the wage rate was incorrect because L&I never addressed his overtime compensation. In response, on September 15, 2020, L&I issued an order correcting and superseding the February 2001 wage rate order. Mercier protested the September 15, 2020 order and L&I affirmed on November 25, 2020. Mercier appealed the order affirming the September 15th order to the BIIA.

In January 2021, Mercier protested the October 2000 closing order for the first time. L&I declined to consider Mercier's protest because it was not made within 60 days of the October 2000 order. Mercier appealed this decision to the BIIA on the grounds that his protest was timely because he never received the closing order and therefore the 60-day time limit had not started.

## II. APPEAL TO BIIA

The BIIA held a hearing to consider Mercier's challenges to L&I's November 25, 2020 order relating to the February 20, 2001 wage rate order and the September 3, 2021 order declining to reconsider the closing order. Before the BIIA, Mercier testified that L&I sent the closing order to the wrong ZIP code. He further testified that he never received the closing order and first learned that his claim was closed from his primary care physician. Mercier testified that on the report of injury form, Mercier listed "2422 Point View Pl WA" as his number and street and "98335" as his apartment number. He also listed "Gig Harbor" as the city, "WA" as the State and what appeared

to be "98375" as the ZIP code. *Id.* at 291. Mercier could not "say with all confidence" whether the second to last digit was a seven or a three. *Id.* at 202. Mercier testified that he had received a few checks from L&I shortly after he submitted his claim.

Susan Woods, a claims consultant for L&I, testified that a copy of any orders that L&I sends to a worker are placed in the claim file. Woods further testified that a copy of the closing order was in Mercier's file and was sent to Mercier with the ZIP code 98375. If the postal service returns an order because it is undeliverable, a copy of the returned order with the annotation from the post office is uploaded to the claim file and is flagged as returned mail. Mercier's claim file had no indication that the closing order was returned as undeliverable. According to the claim file, Mercier's ZIP code was 98375 until it was changed to 98335 on February 26, 2001. Woods also testified that the claim file indicated that on February 22, 2001 Mercier called L&I with a question regarding a letter sent to him February 20, 2001.

The Industrial Appeals Judge (IAJ) issued a proposed decision affirming all three L&I orders. With regard to the closing order, the IAJ accepted Mercier's testimony that he did not receive the order, but concluded that the order was constructively communicated to him when Mercier's physician told him his claim had been closed. With regard to the November 25, 2020 order affirming the order correcting and superseding the February 20, 2001 wage order, the IAJ concluded that Mercier failed to establish by a preponderance of the evidence that L&I erred in its calculation of his wage rate. Mercier petitioned the BIIA for review.

The BIIA affirmed L&I's orders. The BIIA agreed with the IAJ that the closing order was final and binding but reached this determination by concluding, first, that Mercier had not shown, by a preponderance of the evidence, that he did not receive the closing order, and, second, that the

preponderance of the evidence established that Mercier had in fact received the closing order. The BIIA reasoned that the fact that Mercier had been represented by counsel shortly after his claim was closed but did not protest the closing order until 20 years after it was sent weighed against a finding that Mercier did not receive the order.

With regard to the November 25, 2020 order affirming the September 15, 2020 order that corrected and superseded the February 20, 2001 wage order, Mercier argued that L&I "modified"[3] the February 20, 2001 order without authority when it issued the September 15, 2020 order because L&I may only modify, reverse, or change an order "within the time limited for appeal, or within thirty days after receiving a notice of appeal." RCW 51.52.060(4)(a). Accordingly, Mercier argued, the BIIA and superior court did not have subject matter jurisdiction over the substance of the wage order, and should have reversed and remanded with directions to address Mercier's protest to the 2001 wage order. The BIIA concluded that it had jurisdiction over the subject matter in these appeals. The BIIA further found that "Mercier failed to establish by a preponderance of the evidence that the Department erred in its calculation of his wage rate." CP at 45-46. Accordingly, the BIIA concluded that the wage order was correct and affirmed it.

Mercier filed a motion for reconsideration. In the motion for reconsideration, Mercier's counsel took issue with the trial court's reliance on the actions of Mercier's counsel for its conclusion that Mercier's testimony that he did not receive the closing order was not credible. In its order denying Mercier's motion for reconsideration, the BIIA clarified:

> [W]e did not intend anything in our order to suggest the law firm breached any ethical duty to this Board. It appears to us that the firm was zealously advocating for its client and not violating any ethical constraint regarding candor to the tribunal. Our credibility determination about Mr. Mercier's testimony that he did

---

[3] CP at 28.

not receive the October 20, 2000 order closing the claim despite the 20 years of administration of his claim after it had been reopened, wasn't intended to impugn the integrity of his counsel.

*Id.* at 8.

Mercier also contended once more that the trial court did not have jurisdiction to review the subject matter of the wage order. The BIIA did not address this argument directly, but concluded that "in order to determine the correctness of the orders under appeal requires an examination of the appropriate time-loss compensation rate. Making a finding of fact in this regard was not beyond the Board's authority and in fact is required to determine the correctness of the appealed order." *Id.* at 18. Mercier appealed the BIIA's order to Pierce County Superior Court.

### III. APPEAL TO SUPERIOR COURT

Before the superior court, Mercier argued that the BIIA erred by finding that he had received the closing order because L&I did not first establish a presumption of mailing. Mercier argued "when the Department failed to establish the presumption of mailing, the inquiry must stop and no further analysis of credibility is appropriate." *Id.* at 307. Mercier challenged the BIIA's findings of fact and conclusions of law, including the finding that it had subject matter jurisdiction, but Mercier did not provide argument to support this challenge. The superior court held a hearing on the matter. Following argument from the parties, the superior court entered a judgment affirming the BIIA's denial of Mercier's motion to reconsider.

In its oral ruling, the trial court stated, "It appears to me as though the facts are relatively clear that the notice was mailed to the address at which Mr. Mercier had received other mail including checks that he had cashed; that in fact mail had been properly delivered to him, even though it was apparently miss ZIP coded." Verbatim Rep. of Proc. (VRP) at 16. The superior court

also referenced the fact that, despite being represented by counsel, Mercier did not protest the closing order until more than 20 years after it was sent. Based on these considerations, the superior court did not find that Mercier overcame the presumption that the BIIA's findings are correct. The superior court adopted the BIIA's findings of fact and conclusions of law. The superior court denied Mercier's motion for reconsideration. Mercier appeals.

DISCUSSION

I. STANDARD OF REVIEW AND LEGAL PRINCIPLES

In an appeal before the BIIA, the appellant has the burden of establishing that they are entitled to relief. RCW 51.52.050(2)(a). On appeal to the superior court, the superior court reviews the BIIA's decision de novo on the BIIA's record. RCW 51.52.115. At the superior court, the BIIA's findings and decision are deemed prima facie correct and the challenging party bears the burden of demonstrating they are not correct by a preponderance of the evidence. *Ruse v. Dep't of Lab. and Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Our review of the superior court's decision is governed by the Washington Industrial Insurance Act (WIIA), Title 51 RCW, which states, "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." RCW 51.52.140.

The superior court, if it determines that the BIIA's findings and decision are incorrect " 'from a fair preponderance of credible evidence,' " is permitted to substitute its own findings and decision from that of the BIIA's. *Ruse*, 138 Wn.2d at 5 (internal quotation marks omitted) (quoting *Weatherspoon v. Dep't of Lab. & Indus.*, 55 Wn. App. 439, 440, 777 P.2d 1084 (1989)). Therefore, we review the record only " 'to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.' " *Id.* (quoting *Young v. Dep't of Lab. & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402

9

(1996)). A trial court abuses its discretion if its " 'order is manifestly unreasonable or based on untenable grounds.' " *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Rhome*, 172 Wn.2d 654, 668, 260 P.3d 874 (2011)). A ruling is manifestly unreasonable or based on untenable grounds if it is unsupported by the record or results from applying the incorrect legal standard. *Id.*

Where direct evidence of mailing is not available, L&I may prove mailing by showing "(a) an office custom with respect to mailing; [and] (b) compliance with the custom in the specific instance." *Farrow*, 179 Wash. at 455. Once L&I proves the order was mailed, the law presumes that "the mail**s** proceed in due course and that the letter is received by the person to whom it is addressed." *Automat Co. Inc. v. Yakima County*, 6 Wn. App. 991, 995, 497 P.2d 617 (1972). A party can overcome this presumption by submitting evidence that they did not receive the mailing. *See Tassoni v. Dep't of Ret. Sys.*, 108 Wn. App. 77, 87, 29 P.3d 63 (2001) (presumption of receipt rebutted where addressee testified that he did not receive mailing, no copy of mailing in personnel file, and employee who receives notices and places them in file testified she did not recall getting the notice). If the presumption of receipt is rebutted, the question of receipt becomes an issue for the trier of fact. *See id.* A presumption of mailing is not a necessary precondition to the BIIA or the superior court finding that a party actually received the notice. *See* RCW 51.52.050(2)(a).

## II. ABUSE OF DISCRETION

First, Mercier argues that the trial court abused its discretion because the trial court applied an incorrect legal standard when it concluded that the BIIA's findings of fact were presumed correct as a matter of law and therefore affirmed them. We disagree.

Under RCW 51.52.115, "the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same." The superior court may substitute its own findings only if it finds by a preponderance of the evidence that the BIIA's findings and decision are incorrect. *Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009). Here, the trial court considered the record before the BIIA and concluded that Mercier had not demonstrated by a preponderance of the evidence that he did not receive the closing order. Accordingly, the trial court found that Mercier did not overcome the presumption that the BIIA's findings are correct. The trial court applied the correct legal standard. Therefore, it did not abuse its discretion.

Next, Mercier argues that, as a matter of law, the trial court could not find that Mercier received the closing order because L&I had not proven mailing by office custom under *Farrow*, 179 Wash. at 455. It is undisputed that L&I did not establish facts sufficient to prove mailing by office custom. But Mercier's argument that L&I was required to establish receipt by proving mailing by office custom improperly places the burden of proof on L&I. Under the WIIA, it was Mercier who had the burden of establishing that L&I's closing order was not binding before the BIIA, and it is Mercier who has the burden of demonstrating that substantial evidence did not support the BIIA's finding on appeal. RCW 51.52.050(2)(a), .115. L&I's failure to establish mailing by office custom did not preclude the trial court from finding that Mercier did not demonstrate that he did not receive the closing order by a preponderance of the evidence.

Mercier also argues that the trial court abused its discretion by considering Woods' testimony, which, Mercier contends, was "irrelevant, incomplete and untrue." Br. of Appellant at 28 (formatting omitted). Mercier argues that Woods' testimony was irrelevant because L&I did

not establish a presumption of mailing, and therefore Mercier's credibility is not at issue. Mercier cites no authority for this proposition, and, as discussed above, Mercier had the burden of demonstrating that he did not receive the closing order. RCW 51.52.050(2)(a), .115. Therefore, Mercier's credibility as it related to whether he received the closing order was at issue. And Woods' testimony that documents sent to a worker are put in the worker's file and that Mercier's file contained a single, unreturned copy of the closing order supported a conclusion that Mercier received the closing order. Accordingly, the trial court did not abuse its discretion by concluding that Woods' testimony was relevant.

Mercier argues that Woods' testimony was incomplete because she did not explain why L&I served a second wage order on February 20, 2001, and she did not discuss why L&I has not yet addressed Mercier's March 26, 2001 protest to the reopening order and the February 20, 2001 wage order. Notably, Mercier's counsel never asked Woods about these orders during the hearing. Mercier also argues that Woods' testimony was untrue because she testified that the February 9, 2001 reopening order was not protested. To the extent that Mercier argues that "incomplete" testimony is a basis to dismiss a witness' entire testimony, he cites no authority for this proposition. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intellig*encer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). As to his argument that Woods' testimony was "untrue," credibility determinations are for the trier of fact and this court does not reweigh evidence or revisit credibility determinations on appeal. *Rogers*, 151 Wn. App. at 180-81.

Relatedly, Mercier argues that the trial court "erred in not reversing the [BIIA's] characterizations of [Mercier's] attorney's conduct as a basis of its finding that [Mercier] was not

credible." Br. of Appellant at 33 (formatting omitted). Mercier contends that by asserting that Mercier's credibility is undermined because his counsel did not address the closing order earlier, the trial court intruded into the attorney-client relationship.[4] But, again, we do not reevaluate credibility on appeal. *Rogers*, 151 Wn. App. at 180-81.

To the extent that Mercier is arguing that the trial court made an evidentiary error by considering Mercier's implied communications with his attorney, we review evidentiary errors by the trial court for harmless error. *In re Dependency of A.C.*, 1 Wn.3d 186, 194, 525 P.3d 177 (2023). An error is harmless where it is not reasonably probable that, absent the error, the outcome of the proceeding would have been different. *Id.* at 195. Here, any error was harmless. The outcome of the case was not materially affected by the trial court's consideration of Mercier's attorney's conduct. The trial court's determination that Mercier received the closing order was supported by considerations unrelated to these communications. The court relied on the facts that none of the mail L&I sent to the incorrect ZIP code was returned as undeliverable, that Mercier testified that he had actually received some mail delivered to the incorrect address, and that Mercier must have known that his claim was closed because he moved to reopen it. Thus, even excluding Mercier's attorney's conduct from consideration, it is reasonably probable that the trial court would have affirmed the BIIA's finding that, contrary to Mercier's testimony, Mercier received the closing order.

---

[4] Insofar as Mercier's argument on this point renews his counsel's concern that the BIIA and superior court's reasoning implies that counsel has engaged in unethical conduct, the BIIA addressed this concern in its order denying Mercier's motion for reconsideration: "we did not intend anything in our order to suggest the law firm breached any ethical duty to this Board. It appears to us that the firm was zealously advocating for its client and not violating any ethical constraint regarding candor to the tribunal." CP at 8.

### III. SUBSTANTIAL EVIDENCE

Mercier implicitly argues that the trial court's finding that Mercier received the closing order was not supported by substantial evidence. We disagree.[5]

*A. Legal Principles*

RCW 51.52.050(1) provides that when L&I makes an order, it shall promptly serve the worker a copy of the order by mail at the worker's last known address as shown by L&I's records. The worker has 60 days from the day the order was communicated to them to serve a notice of appeal to the BIIA. RCW 51.52.060(1)(a). An order is "communicated" upon receipt. *Arriaga v. Dep't of Labor and Indus.*, 183 Wn. App. 817, 825, 335 P.3d 977 (2014).

Whether the order was received and therefore "communicated" is a finding of fact we review for substantial evidence. *Ins. Mgmt., Inc. v. Guptill*, 16 Wn. App. 226, 229, 554 P.2d 359 (1976). Substantial evidence is evidence "sufficient to persuade a fair-minded, rational person" that the premise is true. *Pro-Active Home Builders, Inc. v. Dep't of Lab. & Indus.*, 7 Wn. App. 2d 10, 16, 465 P.3d 375 (2018). "If there is substantial evidence to support the findings, we then determine whether the findings support the conclusions of law." *Frank Coluccio Constr. Co. v. Dep't of Lab. & Indus.*, 181 Wn. App. 25, 35, 329 P.3d 91 (2014).

---

[5] Mercier also argues that the trial court erred by finding that Mercier's claim had been closed and reopened on several occasions. This argument appears to refer to the trial court's question asking, "[W]hy is [the October 2000 closing order] even an issue now, given that the case has been closed, reopened, and closed, reopened, reargued?" VRP at 5-6. The trial court did not make a finding either in its oral ruling or its written findings that the claim had been opened and closed multiple times. The factual assumption underlying the court's question may have been incorrect, but this remark was not a finding of fact and none of the trial court's conclusions relied on this remark. Accordingly, the trial court did not err by inquiring into the procedural status of Mercier's claim.

We do not reweigh the evidence when reviewing for substantial evidence. *Rogers*, 151 Wn. App. at 180-81. Rather, we view the evidence and reasonable inferences in the light most favorable to the party that prevailed before the BIIA. *Id.*

B. *Application*

Substantial evidence supported the trial court's finding that Mercier received the closing order. Mercier testified that he had actually received several orders and checks from L&I during the time period in which L&I had the incorrect ZIP code on file. This testimony is corroborated by the fact that Mercier called L&I to discuss an order he had received prior to his ZIP code being corrected. And Woods testified that copies of orders sent to the worker are placed in the worker's file and that if the order is returned as undeliverable, a postmarked copy of the order is also placed in the file. A single, unpostmarked copy of the closing order was placed in Mercier's file. This evidence supports the trial court's finding that Mercier received the closing order.

IV. SUBJECT MATTER JURISDICTION OVER THE WAGE ORDER

To the extent that Mercier's contention is clear, he appears to argue that neither the BIIA nor the trial court had subject matter jurisdiction over the substance of the September 2020 wage order (which is related to the February 2001 wage order) because the October 2000 order was not communicated to him. If that is his argument, it fails because we determine, above, that substantial evidence supports the trial court's finding that the October 2000 order was received by Mercier. It is possible Mercier is actually arguing that the lack of jurisdiction over the September 2020 order stems from his contention that L&I has not addressed the February 2001 wage order. If that is his argument, it fails because L&I *did* respond to the February 2001 wage order, albeit 20 years later, when it issued its September 15, 2020 order correcting and superseding the February 2001 order.

And when Mercier protested that September 2020 order, L&I issued another final appealable order on November 25, 2020, which Mercier appealed to the BIIA. Accordingly, the BIIA and superior court had subject matter jurisdiction over the wage order.[6]

CONCLUSION

We conclude that the trial court did not abuse its discretion when it affirmed the BIIA's finding that Mercier received the closing order because (1) the BIIA's findings of fact are presumptively correct, (2) even though L&I did not establish a presumption of mailing, Mercier did not establish by a preponderance of the evidence that he did not receive the closing order, (3) L&I's witness' testimony was relevant and we do not reevaluate credibility on appeal, and (4) Mercier has provided no argument or authority to support his contention that the trial court violated the attorney-client privilege by relying, in part, on Mercier's attorney's conduct for its determination that Mercier's testimony that he did not receive the closing order was not credible, and even if the trial court erred, such error was harmless. We also conclude substantial evidence supports the trial court's finding that Mercier received the closing order. And we conclude that the BIIA and superior court had subject matter jurisdiction over the wage order because the September 15, 2020 order correcting and superseding the February 20, 2001 order was a final appealable order

---

[6] Mercier also argues that "[t]he trial court erred in failing to address the non-final orders that are still at the Department of Labor and Industries." Br. of Appellant at 30 (formatting omitted). Because we affirm the superior court's finding that Mercier received the closing order and because we conclude that L&I did issue a final order regarding Mercier's protest to the February 20, 2001 wage rate order, we need not address this argument any further.

regarding the wage rate.[7] Accordingly, we affirm the superior court's order denying Mercier's motion to reconsider.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

MAXA, J.

VELJACIC, J.

_____

[7] Mercier also appeals the trial court's order denying his motion for reconsideration of the order affirming L&I's orders. Because we conclude that the trial court did not err in any respect with regard to the order affirming L&I's orders, the trial court did not abuse its discretion by denying the subsequent motion for reconsideration.