IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| OSCAR A. VILLA, | ) | No. 30612-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES, STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Oscar Villa appeals his time loss compensation under the state

Industrial Insurance Act (IIA), Title 51 RCW. The Department of Labor and Industries

(Department) closed his claim with a permanent total disability pension based on a 40-

hour work week, the Board of Industrial Insurance Appeals (Board) agreed, as did the

superior court. Mr. Villa contends it should be a 50-hour week based on overtime he

was earning at the time of his back injury. We disagree, and affirm.

FACTS

Mr. Villa began working for Nuprecon, Inc. on or about October 14, 2005. He

was part of an asbestos abatement team. He was a full time employee, initially hired to

work eight hours per day for five days each week. For the first four weeks of

employment, Mr. Villa worked a 40-hour work week. For the last full week of employment prior to the industrial injury, he worked 50 hours, 10 of which were overtime hours.

On November 21, 2005, Mr. Villa was injured on the job-site. He was sent home from work and was unable to return to his job with Nuprecon. Mr. Villa continued to receive his regular wages from Nuprecon until May 2006.

The Department began to provide time loss compensation when it determined Mr. Villa was unable to return to work due to his injuries. It eventually determined that he was a permanently and totally disabled worker. In an August 15, 2008 order, the Department set his monthly pension at $5,623 by multiplying the number of daily hours worked at the time of the accident (10) by his hourly rate of pay ($25.56). These monthly payments continued for 16 months until December 9, 2009. Then, the Department corrected its prior order and decreased its calculation of wages to an eight-hour work day.

Mr. Villa unsuccessfully requested reconsideration, and then appealed the Department decision to the Board. On March 31, 2011, the Board issued its decision and order, affirming the Department's December 9, 2009 order. Mr. Villa next appealed to the Benton County Superior Court to review the Board's final decision. Following a hearing, the court affirmed the Board's decision, entering findings of fact and conclusions of law and incorporating the Board's findings of fact into the court's findings. Mr. Villa appealed to this court.

ANALYSIS

The sole issue on appeal is whether the superior court erred in affirming the Department's calculation of Mr. Villa's time loss compensation based on a 40-hour work week. Mr. Villa contends he was working a 50-hour work week at the time of injury.

Washington's IIA, chapter 51.52 RCW, provides that the superior court reviews the Board's determination de novo. RCW 51.52.115. On review to the superior court, the Board's decision is prima facie correct, and the burden of proof is on the party challenging the decision. RCW 51.52.115; *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Our review is governed by RCW 51.52.140, providing an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." We do not sit in the same position as the superior court; we review "'whether substantial evidence supports the trial court's factual findings and then we review, de novo, whether the trial court's conclusions of law flow from the findings.'" *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009) (quoting *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)).

Here, the superior court incorporated the Board's findings of fact into the court's findings. The Board found, "As of November 21, 2005, Mr. Villa had not established a pattern of normally working additional over time hours." Clerk's Papers at 133 (Finding of Fact 5). Mr. Villa takes exception to this finding.

Title 51 RCW is a "self-contained system" governing procedures and remedies for injured workers. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 668, 989 P.2d

3

1111 (1999). Former RCW 51.08.178(1) (2008)[1] specifically governed the basis of time loss compensation payments to injured workers.

RCW 51.08.178(1) states that daily wage computation is computed based on, "the daily wage the worker was receiving at the time of the injury." The statute further states, "[t]he daily wage shall be the hourly wage multiplied by the number of hours the worker is *normally* employed." RCW 51.08.178(1) (emphasis added). The statute then clarifies, "[t]he number of hours the worker is normally employed shall be determined by the department in a fair and reasonable manner, which may include averaging the number of hours worked per day." *Id.*

Our fundamental objective in statutory interpretation is to give effect to the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, then we give effect to that plain meaning as an expression of legislative intent. *State ex rel. Citizens Against Tolls (CAT) v. Murphy*, 151 Wn.2d 226, 242, 88 P.3d 375 (2004). We discern plain meaning not only from the provision in question but also from closely related statutes and the underlying legislative purposes. *Murphy*, 151 Wn.2d at 242. If a statute is susceptible to more than one reasonable interpretation after this inquiry, then the statute is ambiguous and we may resort to additional canons of statutory construction or legislative history. *Campbell & Gwinn*, 146 Wn.2d at 12.

---

[1] The legislature amended RCW 51.08.178 in 2007. LAWS OF 2007, ch. 297, § 1. These amendments do not affect our analysis.

We give effect to all statutory language, considering statutory provisions in relation to each other and harmonizing them to ensure proper construction. *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 560, 14 P.3d 133 (2000). We avoid construing a statute in a manner that results in "unlikely, absurd, or strained consequences." *Glaubach v. Regence BlueShield*, 149 Wn.2d 827, 833, 74 P.3d 115 (2003). We give substantial weight to an agency's interpretation of the law within its expertise, such as regulations the agency administers. *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 885, 154 P.3d 891 (2007).

RCW 51.08.178(1)'s unambiguous language states a worker's "wage" is decided at the time of injury but the hours used to compute compensation is based on "the number of hours the worker is *normally* employed." (Emphasis added.) The statute clearly grants to the Department the discretion to determine, "in a fair and reasonable manner," the normal hours worked per day.

Here, Mr. Villa was a full time employee, initially hired to work eight hours per day for five days each week. For the first four weeks of employment, Mr. Villa worked a 40-hour work week. For the last week of employment, he worked 50 hours, 10 of which were overtime hours. Substantial evidence in the record shows it was a reasonable and fair determination by the Department that Mr. Villa was normally employed for eight hours per day. The superior court and the Board correctly found likewise and did not err.

No. 30612-7-III
*Villa v. Dep't of Labor & Indus.*

Mr. Villa requests attorney fees based on RCW 51.52.130. This statute partly provides for attorney fees for a prevailing appellant, but Mr. Villa does not prevail here. Accordingly, he is not entitled to a fee award.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Siddoway, J.

6