

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MIGUEL I. SANDOVAL ARAMBULA, | ) | No. 36714-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF LABOR & INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

ANDRUS, J. — Miguel Sandoval Arambula, an agricultural field worker injured on the job in 2013, appeals the denial of Industrial Insurance Act (IIA)[1] time loss compensation after he refused his employer's offer of a light duty job. Sandoval[2] contends the trial court applied an erroneous standard of review when it reviewed the administrative record before the Board of Industrial Insurance Appeals (Board). He also argues that substantial evidence does not support the finding that the employer's light duty job offer was valid and reasonable or that he was not entitled to time loss compensation. We reject these arguments and affirm.

---

[1] Title 51 RCW.
[2] Sandoval refers to himself by his mother's maiden name, rather than his father's surname of Arambula. We follow his lead in this regard.

FACTS

Sandoval sustained an injury on September 3, 2013, when he fell from a ladder while harvesting apples. He injured his low back and right shoulder in the fall. Between October 9, 2013 and June 16, 2014, Sandoval had physical limitations proximately caused by the injury that prevented him from returning to his job of injury or to other jobs he had performed in the past. But his treating physician released Sandoval to return to light duty work on October 7, 2013.

Sandoval's employer, Atkinson Staffing, Inc., provided a job description for a light-duty position as "printer operator/assistant" to the physician for his approval. After the physician signed off on the position description, Atkinson offered Sandoval a position in Pasco, Washington, where Sandoval resided, on October 8, 2013. Although Sandoval spoke Spanish almost exclusively and had no prior computer or office skills, the Atkinson staff were bilingual and planned to provide him with any training he needed to perform the available work. When Sandoval showed up for the job, Atkinson realized it had insufficient work for Sandoval in this location and offered Sandoval the same job in its main office in Hermiston, Oregon. Sandoval refused this position because he had no vehicle or driver's license and could not make the 36-mile commute to Hermiston.

The evidence before the Board established that, despite the fact that Sandoval's driver's license had been suspended since 2000, he had been able to commute regularly to reach remote fields some 31 minutes from his home.

Atkinson was not aware Sandoval lacked a driver's license. And the Confederated Tribes of Umatilla offered a free transportation service between Pasco and Hermiston every week day. The Department's vocational expert, Trevor Duncan, testified that the light duty job offer was therefore vocationally reasonable.

An Industrial Appeals Judge (IAJ) agreed that Sandoval had no limits on his ability to commute to Hermiston, Oregon, that job site was within his geographic labor market, and the job fit his skills because Atkinson was going to provide all necessary training. The IAJ also found that Sandoval regularly traveled similar distances during his agricultural field work and always arranged his own transportation. It further found that Sandoval refused Atkinson's job offer without investigating car pool or public transportation options.

Based on these findings, the IAJ concluded that Atkinson made a valid light-duty work offer to Sandoval within the meaning of RCW 51.32.090(4), that Sandoval was not a temporarily totally disabled worker for the period of October 9, 2013 to June 16, 2014, because he rejected this offer, and that Sandoval was not entitled to time loss or loss-of-earning power compensation for this time period under RCW 51.32.090(3). On August 7, 2015, the Board adopted the IAJ's proposed decision and order denying benefits and denied Sandoval's petition for review.

Sandoval appealed to Franklin County Superior Court and agreed to a nonjury trial. The trial court, in its oral ruling, stated:

So, I understand this Court is reviewing that decision de novo and weigh the evidence—required to weigh the evidence and determine which side the evidence supports, and is there other substantial evidence more persuasive than the substantial evidence supporting the BIA—BIIA's findings . . . . So, to me, the Court finds that Judge Johnson's findings of fact are supported by substantial evidence that there's no[] other substantial evidence more persuasive, and so I am going to deny Mr. Sandoval's request for relief and uphold that ruling.

In subsequent written findings of fact and conclusions of law, the court found that the Board's findings of fact were supported by a preponderance of evidence, adopted them as its own, and incorporated them by reference into the court's order. It similarly adopted the Board's conclusions of law, concluding that Sandoval was not a temporarily totally disabled worker for the relevant time period and thus not entitled to time loss compensation.

## ANALYSIS

On review to the superior court, the Board's decision is prima facie correct and the burden of proof is on the party challenging the decision. RCW 51.52.115; Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The superior court reviews the Board's decision de novo and may substitute its own findings and conclusions and Board decision if it finds from a "fair preponderance of credible evidence" that the Board's findings and decision were incorrect. Ruse, 138 Wn.2d at 5-6.

Our review is governed by RCW 51.52.140, under which an appeal lies from the judgment of the superior court "as in other civil cases." Because we do not sit in the same position as the superior court, we review only whether substantial

evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from the findings. Dep't of Labor & Indus. v. Shirley, 171 Wn. App. 870, 878, 288 P.3d 390 (2012). Our review is the same as the superior court's and is based solely on the evidence presented to the Board. Id.

Sandoval first contends the trial court applied an improper legal standard of review when it evaluated the evidence before the Board. We disagree. Although the court, in an oral ruling, referred to the "substantial" and credible evidence supporting the Board's decision, it correctly identified the statutory standard of review—the fair preponderance of credible evidence—in its written findings of fact and conclusions of law. A written order controls if there is any inconsistency with a superior court's oral ruling. Pham v. Corbett, 187 Wn. App. 816, 830-31, 351 P.3d 214 (2015) (trial court oral ruling setting out wrong legal standard not reviewable on appeal because written order contained correct legal standard and controlled on review). In this case, the court's written findings of fact and conclusions of law set out the correct preponderance of evidence standard.

Furthermore, the court's oral ruling demonstrated it followed current law even if it used the wrong terminology. The court recognized the Board's decision controlled and Sandoval had not presented credible evidence to demonstrate that its findings were incorrect. No error occurred in the standard of review here.

Sandoval next maintains that substantial evidence does not support the finding that Atkinson's job offer was valid or reasonable. We disagree. When an employee is entitled to temporary total disability payments under RCW 51.32.090(1), an employer may offer light duty or transitional work to the injured employee as a way of keeping that employee on the job. RCW 51.32.090(4)(a). The program, known as the Stay-at-Work Program, was enacted to encourage employers at the time of injury to provide light duty to their workers because costs of injuries are significantly reduced when injured workers remain at work following an injury. Dep't of Labor & Indus. v. Cascadian Bldg. Maint., Ltd., 185 Wn. App. 643, 648, 342 P.3d 1185 (2015). The legislature built into that program an incentive to employers to offer such light duty work by allowing them to seek wage reimbursement from the Department of Labor & Industries when such work is offered. RCW 51.32.090(4). If an employer makes a valid light duty job offer to an injured worker that meets the requirements of RCW 51.32.090(4)(b), that worker's entitlement to temporary total disability payments ends, replaced by wages earned in the temporary transitional position. Richardson v. Dep't of Labor & Indus., 6 Wn. App.2d 896, 905, 432 P.3d 841 (2018).

Here, the Department denied Sandoval's request for benefits because he was able to work at the light duty job offered by his employer. The superior court affirmed this determination. Sandoval maintains that Atkinson's job offer was

invalid because it required Sandoval to commute to Hermiston, rather than to his hometown of Pasco, and Sandoval lacked the means to reach the Hermiston office in a reasonable period of time. He also contends the job offered was not the job approved by his physician, who was provided a description of a job located in Pasco.

Sandoval fails to establish that the job offer was invalid due to the commute distance. A light duty job must be within the employee's "relevant labor market." In re Richard Gramelt, BIIA Dec. 0921629, 2011 WL 12483527 at \*8 (2011). Under WAC 296-19A-010(4), the relevant labor market must be within a reasonable commuting distance and be consistent with the injured worker's physical capacities. Id. at \*8. To be "reasonable," a commute must be within the bounds of common sense, and neither extreme nor excessive. Id. In Gramelt, the Board held an employer's job offer imposed an unreasonable commute of 136 miles round trip, because the worker would have had to pull to the side of the road six times and walk for a total of 30 minutes each day during the drive. Id.

The Board found that Atkinson's job offer involved a reasonable commute. The reasonableness of a commute distance is a question of fact. Here, the Department vocational expert, Trevor Duncan, testified that Sandoval's geographic labor market was "where [he] was working or living, plus or minus 45 to 50 miles." Sandoval's commute to Hermiston would have been 36 miles, not that different from Sandoval's 31-minute drive to the fields in which he regularly worked. Sandoval's vocational expert, Maui Garza, agreed with Duncan that the Hermiston

job was within Sandoval's geographic labor market. And Garza also agreed that Atkinson was not required to provide transportation to Sandoval who lost his driver's license for multiple moving violations. Duncan testified he looked at how Sandoval had gotten to work preinjury and learned he caught rides with a supervisor or friend. He investigated public transportation options and determined there was daily, free public transportation between Pasco and Hermiston, within easy walking distance of Sandoval's home in Pasco and Atkinson's office in Hermiston. Sandoval, however, did not investigate transportation options before rejecting the job offer. There is substantial evidence in the Board's record to support the superior court's decision that the commute to Hermiston did not invalidate Atkinson's job offer to Sandoval.

Sandoval contends his physician did not approve a job located in Hermiston and that the description Atkinson provided him identified a job in Pasco. It is true that the job description that Sandoval's physician reviewed identified the location of the job in Pasco. And the offer was later amended to Hermiston. We agree with the Board, however, the difference between the job description provided to the physician and the one subsequently offered would be material only if there was evidence to indicate Sandoval's physical limitations precluded him from traveling to and from a worksite some 35 miles from his home. No such evidence exists here.

Finally, Sandoval contends the superior court erred in finding him not temporarily totally disabled because his physician imposed additional physical

restrictions on him shortly after Atkinson offered him the office assistant job. But the record fails to support this argument. His physician testified that even though he placed additional restrictions on Sandoval, Sandoval remained capable of performing the light duty work described in the Atkinson job description.

Because the record supports the factual finding that the job offer was valid, and Sandoval was physically able to perform the offered work, the superior court's conclusions of law that he was not entitled to receive time loss compensation or loss-of-earning power and that he was not a temporarily totally disabled worker flow from its findings of fact. See Bayliner Marine Corp. v. Perrigoue, 40 Wn. App. 110, 115, 697 P.2d 277 (1985).

AFFIRMED.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Andrus, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.