**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILED
JANUARY 31, 2023
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| RAFAEL BARRETO GARCIA, | ) | No. 38676-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | MOTION TO PUBLISH |
| STEMILT GROWERS, | ) | |
| | ) | |
| Appellant. | ) | |

THE COURT has considered respondent's motion to publish the court's opinion filed on December 13, 2022, and the response thereto, and is of the opinion the motion to publish should be granted. Therefore,

IT IS ORDERED the motion to publish is granted. The opinion filed by the court on December 13, 2022, shall be modified on page 1 to designate it is a published opinion and on page 13 by deletion of the following language:

> A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

PANEL:     Judges Lawrence-Berrey, Fearing, and Staab

FOR THE COURT:

_____
LAUREL SIDDOWAY
CHIEF JUDGE

**FILED**
**DECEMBER 13, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RAFAEL BARRETO GARCIA, | ) | No. 38676-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEMILT GROWERS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Stemilt Growers appeals the trial court's order

reopening Rafael Barreto Garcia's industrial insurance claim on the basis that his

condition is not "fixed and stable" within the meaning of WAC 296-20-01002(3). We

hold that a condition is not "fixed and stable" if a fundamental or marked change in an

accepted condition can be expected with or without treatment. In so holding, we affirm

the superior court and grant Mr. Barreto Garcia's request for attorney fees.

FACTS

In October 2016, Rafael Barreto Garcia fell from an orchard ladder while picking

apples for Stemilt Growers, a self-insured employer. As he fell, his chest hit a branch.

Workers called an ambulance. On the way to the hospital, Mr. Barreto Garcia suffered

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

cardiac arrest. He remained in a coma for eight days and was discharged eight days later. Since his industrial accident, he has returned to Mexico and has not worked because even light exertion causes him to have difficulty breathing.

On January 9, 2018, the Department of Labor and Industries (Department) notified Mr. Barreto Garcia it was closing his claim because "[t]he medical record shows treatment is no longer necessary and there is no permanent partial disability." Clerk's Papers (CP) at 88. Mr. Barreto Garcia requested reconsideration, but the Department affirmed its decision and closed his claim on March 22.

*Administrative appeal*

Mr. Barreto Garcia appealed the Department's decision. In his written notice of appeal, he requested treatment, time loss, and permanent partial disability or permanent total disability. At the hearing, he argued he was entitled to further proper and necessary medical treatment, and he was temporarily totally disabled through March 22, 2018, the claim closure date.

Mr. Barreto Garcia's treating physician, Dr. Jose Puente, testified telephonically at the February 7, 2019 administrative hearing. Dr. Puente had been seeing Mr. Barreto Garcia approximately monthly since March 2017. Testing showed problems in Mr. Barreto Garcia's left ventricle. Dr. Puente explained, "it's difficult for the heart to relax

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

and to fill up with blood, and that causes . . . difficulty in the ventricular function."

CP at 100. He diagnosed Mr. Barreto Garcia's condition as heart failure caused by

trauma to his chest from the industrial injury.

Dr. Puente had seen discrete improvements with fluctuations as he adjusted Mr.

Barreto Garcia's medications. The medications Dr. Puente prescribed were "support

treatment" that would not heal Mr. Barreto Garcia's condition. CP at 101.

Dr. Puente testified that Mr. Barreto Garcia's physical limitations would not

improve with time. However, if Mr. Barreto Garcia ceased taking his medications, he

"would develop difficulty breathing, and possibly after that he would develop pulmonary

edema requiring hospital admission." CP at 111.

Dr. Daniel Gottlieb, Stemilt Growers's consulting expert, linked all of Mr. Barreto

Garcia's heart dysfunction to preexisting high blood pressure unrelated to the claimant's

industrial injury. He "disagree[d] with almost every word" of Dr. Puente's diagnosis of

heart failure caused by the industrial injury. CP at 174. At the time of his review in

October 2017, Dr. Gottlieb believed Mr. Barreto Garcia had reached maximum medical

improvement of his cardiac issues.

The industrial appeals judge concluded that Mr. Barreto Garcia was entitled to

additional time-loss benefits through the claim closure date, but that his heart condition

3

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

was at maximum medical improvement and the Department should deny further treatment

and close his claim.

Mr. Barreto Garcia petitioned the Board of Industrial Insurance Appeals (Board)

for review of the industrial appeals judge's decision. He challenged the judge's findings

that he had preexisting high blood pressure and high cholesterol before the industrial

injury and that his condition was fixed and stable and not in need of further proper and

necessary treatment. He further challenged the judge's conclusion that he was not

entitled to further treatment. He did not argue he was permanently disabled. Stemilt

Growers cross petitioned for review, challenging the judge's findings and conclusions

supporting its award of additional time-loss benefits.

The Board adopted the industrial appeals judge's findings of fact and conclusions

of law, noting that the judge

> correctly concluded that Mr. Barreto Garcia's cardiac condition reached
> maximum medical improvement because the recommended medications
> will not result in a more complete recovery and the cardiac permanent
> impairment rule accepts that workers with a cardiac impairment can reach
> maximum medical improvement when they continue to need therapy.

CP at 8 (footnote omitted). It noted that Mr. Barreto Garcia had waived his claims for

permanent disability.

4

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

*Superior court appeal*

Mr. Barreto Garcia appealed the Board's decision to the Benton County Superior Court. He asserted that WAC 296-20-01002 "indicates that a condition is not fixed and stable so long as a marked change can be expected without treatment." Report of Proceedings at 6. He pointed to testimony from his treating physician, that he needed to continue taking his medications or his condition would deteriorate. Stemilt Growers responded that the Board correctly ordered Mr. Barreto Garcia's claim to be closed because his medications merely maintained his condition, it would not result in a more complete recovery.

The superior court issued its decision in a written ruling. It explained that Dr. Puente

> opined that if Mr. Barreto Garcia discontinues to take his prescription medications (treatment) he will develop difficulty breathing and possibly after that he would develop pulmonary edema requiring hospital admission. . . . Mr. Barreto Garcia's medications are not for maintenance. His medications change regularly, and cessation would result in dire and certain consequences like a swift and life-threatening exacerbation in his heart condition. The court appreciates the doctor's testimony that Mr. Barreto Garcia's treatment is not curative in that he will not get better. However, it is curative in that it will prevent his condition to worsen to a dangerous degree.

CP at 216. Formal findings and conclusions later were entered. The court found:

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

> 1) Mr. Barreto Garcia sustained an industrial injury on October 30, 2016.
> 2) In addition to other injuries, Mr. Barreto Garcia is still suffering from congestive heart failure as proximately caused by his industrial injury.
> 3) Mr. Barreto Garcia is unable to perform or obtain gainful employment.
> 4) Mr. Barreto Garcia's heart condition is not fixed and stable at this time.

CP at 218. It thus concluded:

> 1) That Mr. Barreto Garcia is entitled to further proper and necessary treatment.
> 2) That Mr. Barreto Garcia was a temporarily and totally disabled worker from November 20th, 2017, through March 22nd, 2018.

CP at 218. It ordered that Mr. Barreto Garcia's claim be reopened, that he receive proper and necessary treatment and that he receive time-loss compensation through March 22, 2018. Stemilt Growers timely appealed.

ANALYSIS

*Standard of review*

Under the Industrial Insurance Act, Title 51 RCW, appeals from the superior court are reviewed under the ordinary standards of civil review. RCW 51.52.140; *see also*

*Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). Our review is limited to evaluating whether substantial evidence supports the superior court's findings of fact and whether the superior court's conclusions of law flow from those

6

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

findings. *Ruse v. Dep't of Lab. & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). When, as here, the trial court prepares a memorandum opinion, we consider that as a supplement to its formal findings and conclusions. *Zavala v. Twin City Foods*, 185 Wn. App. 838, 859, 343 P.3d 761 (2015).

### *General principles*

Under the definition for "proper and necessary," "[t]he department or self-insurer pays for proper and necessary health care services that are related to the diagnosis and treatment of an accepted condition." WAC 296-20-01002(1). "The department or self-insurer stops payment for health care services once a worker reaches a state of maximum medical improvement." WAC 296-20-01002(3). Maximum medical improvement is the same as fixed and stable. *Id.* Once a worker's condition is fixed and stable, they may qualify for a disability award. *See* WAC 296-20-19000.

### A.     FIXED AND STABLE

Stemilt Growers contends that Mr. Barreto Garcia's heart condition is fixed and stable. We disagree.

A condition is fixed and stable "when no fundamental or marked change in an accepted condition can be expected, with or without treatment." WAC 296-20-01002(3). The Board's decisions construing this administrative rule are inconsistent.

7

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

In *In re Hicks*, Nos. 01 14838, 02 12943, 02 18743, 02 21737, 02 21738, 02 23787, 02 23788, 03 11379, 03 11380, 03 11381, & 03 11382, 2004 WL 437358 (Wash. Bd. of Indus. Ins. Appeals Jan. 21, 2004), the claimant had a painful degenerative spine condition, aggravated by a workplace injury. *Id.* at *2. One of her experts testified that stopping the prescribed opioid medication would have disastrous results, rendering the claimant unable to maintain even her very limited functional capacity. *Id.* Another of her experts testified that without frequent, on-going psychotherapy for depression, the claimant's depression would deepen to the point that she would not be able to care for herself, and her risk of suicide would increase. *Id.* at *3. Citing WAC 296-20-01002(3), the Board held that a claimant's condition is not fixed and stable if a fundamental or marked change in their condition can be expected without treatment. *Id.* Applying that standard to the facts before it, the Board noted, "[w]ithout treatment, [the claimant's] deterioration will be swift and life threatening." *Id.* The Board concluded that the claimant's condition was not fixed and stable and that her claim should remain open. *Id.* at *5.

In *In re Thorsen*, No. 05 23423 (Wash. Bd. of Indus. Ins. Appeals Jan. 24, 2007), the claimant suffered a lumbar sprain/strain that worsened his preexisting degenerative disc disease. *Id.* at *3. After two surgeries, the claimant still suffered from chronic back

8

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

pain and had permanent nerve damage. *Id.* The medical testimony confirmed that the claimant had reached maximum medical improvement, with a Category 4 low back impairment, but that various pain medications "constituted proper and necessary care, without which the claimant's condition would deteriorate, rendering him unable to continue working." *Id.* at \*4. Construing *Hicks* and similar cases, the Board wrote: "[O]ur focus is on whether [the claimant's] condition would likely deteriorate without treatment. If so, his condition was not fixed and stable as of [the claim closure date]." *Id.* at \*5. Because, without medication, the claimant's condition would deteriorate so he could not work, the Board concluded that his condition was not fixed and stable and his claim should remain open.

We contrast these two cases with the case relied on by Stemilt Growers, *In re Givich* No. 17 21454, 2019 WL 2486487 (Wash. Bd. of Indus. Ins. Appeals May 2, 2019). In *Givich*, the claimant had developed asthma because of her work at an aluminum smelter. *Id.* at \*1. She received treatment continuously for six years after her diagnosis, but her condition had not worsened or improved. *Id.* at \*2. Her asthma required a battery of respiratory medications that her doctor regularly tweaked. *Id.* Medical testimony at the administrative hearing established that asthma attacks rarely resulted in death. *Id.* Paraphrasing *Hicks*, the Board wrote: "Stopping coverage for

9

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

[claimant's] medication would not result in dire and certain consequences like a 'swift and life-threatening' exacerbation or job-threatening disability." *Id.* at \*4. For this reason, the Board held that the claimant's condition was fixed and stable and her claim should be closed. *Id.*

The Board's decisions are not binding on this court, but we may give appropriate weight to an agency's interpretation of the laws it is charged with enforcing. *Lynn v. Dep't of Lab. & Indus.*, 130 Wn. App. 829, 836, 125 P.3d 202 (2005). We decline to give *Givich* weight. It fails to meaningfully apply WAC 296-20-01002(3), which requires an analysis of whether a fundamental or marked change can be expected to occur with or without treatment. The standard *Givich* employs—whether ceasing treatment would result in dire and certain consequences—has no basis in any statute or administrative rule.

Here, the superior court, borrowing language from *Hicks*, reasoned that Mr. Barreto Garcia's medications were not for maintenance because stopping them "would result in dire and certain consequences like a swift and life-threatening exacerbation in his heart condition." CP at 216. The standard relied on by the superior court was unnecessarily high. *Hicks* held that a claim should remain open if, without treatment, deterioration will be swift and life threatening. This holding does not imply the negative,

10

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

i.e., that a claim should be *closed* if, without treatment, deterioration will *not* be swift and life threatening. Rather, the applicable standard is WAC 296-20-01002(3).

According to WAC 296-20-01002(3), a worker's condition is not fixed and stable if a fundamental or marked change in an accepted condition can[1] be expected with or without treatment. Here, Dr. Puente testified that if the claimant discontinued his medications, he "would develop difficulty breathing, and possibly after that he would develop pulmonary edema requiring hospital admission." CP at 111. This testimony meets the required standard. Pulmonary edema, a condition requiring hospitalization, is a fundamental or marked change compared to Mr. Barreto Garcia's current stable condition.

B.    PROPER AND NECESSARY CARE

Stemilt Growers argues Mr. Barreto Garcia's prescribed medications are not proper and necessary health care services. We disagree.

"Proper and necessary" health care services are classified as either curative treatment or rehabilitative treatment. WAC 296-20-01002(2)(b). "Curative" treatment is defined as treatment that produces permanent changes, which eliminate or lessen the

---

[1] "Can" indicates possibility, https://www.merriam-webster.com/dictionary/can (last visited December 12, 2022).

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*

clinical effects of an accepted condition. *Id.* "Rehabilitative" treatment is defined as treatment that allows an injured or ill worker to regain functional activity in the presence of an interfering accepted condition. *Id.* Curative and rehabilitative care produce long-term results. *Id.*

Here, the clinical effect of Mr. Barreto Garcia's heart condition is pulmonary edema, i.e., excess fluid in the lungs. By continuing his medications, this effect is permanently lessened. The treatment, therefore, is curative.

A contrary conclusion would result in the absurd notion that medications that prevent possible hospitalization are not proper and necessary care. We avoid construing an administrative rule in a manner that would lead to an absurd result. *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 52, 239 P.3d 1095 (2010).

C.     ATTORNEY FEES

Mr. Barreto Garcia requests attorney fees under RCW 51.52.130. This statute authorizes an award of attorney fees on appeal when a worker's right to relief is sustained. Because we sustain Mr. Barreto Garcia's right to relief, we grant his request for attorney fees.

12

No. 38676-7-III
*Barreto Garcia v. Stemilt Growers*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

I CONCUR:


_____
Fearing, J.

13

No. 38676-7-III

STAAB, J. (dissenting) — Mr. Garcia has been diagnosed with chronic heart failure due to trauma to his chest from an industrial injury. His treating physician prescribed medication that will not cure him, or make his condition better, but will prevent his condition from getting worse. The question presented is whether Mr. Garcia's condition has reached maximum medical improvement. As the majority notes, maximum medical improvement is the same as fixed and stable. A condition is fixed and stable "when no fundamental or marked change in an accepted condition can be expected, with or without treatment." WAC 296-20-01002(3) (emphasis added).

Here, the majority agrees there is no evidence that Mr. Garcia's condition will improve with medication. In other words, with treatment, Mr. Garcia's condition will not change. Nevertheless, the majority concludes that because his condition will change without treatment, his condition is not fixed and stable. This conclusion rewrites the regulation and changes the disjunctive to a conjunctive; the "or" to an "and." Under the majority's reasoning, the condition must be fixed and stable with treatment and without treatment.

In a similar fashion, the majority skews the meaning of "curative" and "rehabilitative" treatment under WAC 296.20-01002(2)(b). The issue is whether Mr.

No. 38676-7-III
*Garcia v. Stemilt Growers–Dissent*

Garcia's medications are proper and necessary health care services, which are classified as either curative or rehabilitative treatments. The regulatory definitions of "curative" and "rehabilitative" coincide with the ordinary meanings. Here, Mr. Garcia's physician testified that Mr. Garcia's condition is chronic and the medication will not cure him. It will simply keep his condition from getting worse. Still, the majority reasons that so long as Mr. Garcia takes his medication, he is cured and rehabilitated. This application does not comport with the common-sense definition of the terms.

I recognize that Mr. Garcia presents compelling circumstances. It is not clear from the record why he did not appeal his claim for permanent disability. Still, as courts, our duty is to interpret the regulations, not rewrite them.

_____
Staab, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.