**FILED**
**JUNE 25, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL JAMES, | ) | No. 39935-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CITY OF SPOKANE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — The city of Spokane (City) appeals the lower court's

order and judgment following a jury verdict. The order and judgment reversed the

closure of Michael James' 2017 and 2019 industrial insurance claims, and instructed the

Board of Industrial Insurance Appeals (BIIA) to find him eligible for pension benefits.

The City argues substantial evidence did not support the jury's finding that James is a

totally and permanently disabled worker causally related to those two claims. We

disagree and affirm.

FACTS

For 27 years, Michael James worked for the City as a certified heavy equipment mechanic. In 2017, James sustained an occupational injury to his right shoulder and right bicep. This was his fifth occupational injury sustained in the course of his employment with the City—the preceding injuries having affected, among other areas of his James' body, his right knee, his lower back, and his neck. After his 2017 injury, James filed claim SK-28408 seeking compensation. The Department of Labor and Industries (the Department) eventually closed this claim with an eight percent permanent partial disability of the right arm.

In February 2019, the City accommodated James' medical conditions by reassigning him to the position of light-duty parts technician. However, shortly after transitioning to the parts technician role, James developed bilateral carpal tunnel syndrome (CTS), and filed claim SL-32703. The Department accepted the claim. James underwent both CTS release claims, after which the Department closed the claim without awarding any additional benefits.

On October 31, 2019, James' attending physician examined him and noted he had painful range of motion in his right shoulder, his right wrist was swollen and tender, and he walked with a limp. Following this visit, his attending physician removed James from work for eight weeks. James did not go back to work, but rather ended his employment

with the City on December 6, 2019. On December 11, 2019, James underwent surgery on his neck.

James appealed the Department's closure of his 2017 right shoulder and right bicep claim, and his 2019 CTS claim. The BIIA consolidated these appeals for the administrative hearing.

At the hearing, several witnesses testified on James' behalf, including Dr. Paula Lantsberger, Dr. Keith Wilkens, and Dr. Jeffrey Larson. All three physicians agreed that James, as a result of several work-related surgeries and his two current claims, was permanently and totally disabled. Moreover, Dr. Lantsberger testified that James' shoulder pain radiated into his neck.

James also testified about his physical limitations due to his two current claims. According to James, his right bicep injury prevented him from lifting even light objects unless he clasped them against his stomach. He could not lift any object to shoulder height unless it weighed less than one pound. Owing to his CTS, he could not dexterously manipulate his dominant thumb. When working as a parts technician, he could not unload and shelve supplies without kneeling and standing repeatedly nor could he climb and descend a ladder.

The BIIA affirmed the Department's closure of James' claims. James then appealed to Spokane County Superior Court, where a jury reversed the BIIA's

determinations. Pursuant to the jury's verdict, the trial court entered an order and

judgment reversing the BIAA's closure of the 2017 and 2019 claims, and instructing the

BIIA to find James eligible for pension benefits.

The City appeals the order and judgment.

ANALYSIS

The City argues substantial evidence does not support the jury's finding that

James' total and permanent disability is causally related to his 2017 and 2019 industrial

injuries. We disagree.

*Standard of review*

Where an appellant challenges the lower court's resolution of an Industrial

Insurance Act (IIA), Title 51 RCW, dispute, our court reviews the lower court's decision

to ensure that substantial evidence supported all findings and that the court, to those

findings, applied sound law. *Ruse v. Dep't of Lab. & Indus.*, 138 Wn.2d 1, 5, 977 P.2d

570 (1999).

*Proximate cause*

Our courts have long recognized that payment of benefits is not limited to those

workers previously in perfect health. *Groff v. Dep't of Lab. & Indus.*, 65 Wn.2d 35, 44,

395 P.2d 633 (1964); *Miller v. Dep't of Lab. & Indus.*, 200 Wash. 674, 682-83, 94 P.2d

764 (1939):

4

It is a fundamental principle which most, if not all, courts accept, that if the accident or injury complained of is the proximate cause of the disability for which compensation is sought, the previous physical condition of the workman is immaterial and recovery may be had for the full disability independent of any preexisting or congenital weakness; the theory upon which that principle is founded is that the workman's prior physical condition is not deemed the cause of the injury, but merely a condition upon which the real cause operated.

*Miller*, 200 Wash. at 682-83. "If a worker is to be taken with all of his or her preexisting frailties and bodily infirmities, it is axiomatic that older, more mature workers will often have bodies experiencing degenerative processes and feeling the effects of wear and tear over the years." *Tomlinson v. Puget Sound Freight Lines, Inc.*, 166 Wn.2d 105, 117, 206 P.3d 657 (2009).

*Application of law to facts*

Here, the parties do not dispute that James is permanently and totally disabled. Instead, they dispute whether his 2017 and 2019 injuries proximately caused his permanent total disability. In the City's view, the jury's verdict is not supported by substantial evidence because James' total disability must be attributable, at least in part, to unrelated degeneration of his neck and lower back. The City cites the date of James' final neck surgery—December 11, 2019—as evidence that his disability was not complete until five days after he left employment.

"Substantial evidence" is that quantum of evidence sufficient to persuade a fair-minded, rational person of the truth of the matter. *Potter v. Dep't of Lab. & Indus.*, 172 Wn. App. 301, 310, 289 P.3d 727 (2012). Here, a fair-minded rational person could have found that James' bilateral CPS was the straw that broke the proverbial camel's back. Such a person could have found that—after four industrial injuries, several surgeries, and the natural degeneration of an injured body that comes with age—once James' bilateral CPS manifested itself, he no longer could perform even the light duty tasks assigned to him.

Although the jury could have found that James' neck and lower back worsened after his bilateral CPS manifested itself, it was not required to find this. Significantly, James' neck and lower back were not the reasons his attending physician removed him from work for eight weeks in late 2019, and no medical witness testified that his neck and lower back worsened in 2019.

*Attorney fees*

Citing RCW 51.52.130, James requests an award of reasonable attorney fees on appeal. If a party other than a worker appeals, RCW 51.52.130(1) directs an appellate court to award reasonable attorney fees if the worker prevails. Subject to James' compliance with RAP 18.1(d), we grant his request.

6

No. 39935-4-III
*James v. City of Spokane*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____     _____
Pennell, J.                                 Staab, J.